NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PIETRO PASQUALE-ANTONI SGROMO, AKA PETER ANTHONY SGROMO,**
*Plaintiff-Appellant*

**v.**

**LEONARD GREGORY SCOTT, EUREKA INVENTIONS LLC,**
*Defendants-Appellees*

---

2021-1106

---

Appeal from the United States District Court for the Northern District of California in No. 4:19-cv-08170-HSG, Judge Haywood S. Gilliam Jr.

---

Decided: February 8, 2022

---

PETER SGROMO, Thunder Bay, Ontario, Canada, pro se.

THOMAS E. MOORE, III, Haynes and Boone, LLP, Palo Alto, CA, for defendants-appellees.

---

PER CURIAM.

Pietro Pasquale-Antoni Sgromo initiated an arbitration action against Leonard Gregory Scott asserting ownership of two patents, among other claims.  In a separate interpleader action, the U.S. District Court for the Northern District of California determined that Mr. Sgromo did not own the patents.  The arbitrator subsequently issued an arbitration award in favor of Mr. Scott.  Mr. Scott filed a petition to confirm that award in the district court.  Mr. Sgromo filed a cross-petition seeking vacatur of the award.  The district court granted Mr. Scott's petition and denied Mr. Sgromo's cross-petition.  Mr. Sgromo now appeals to this court.  We do not have subject matter jurisdiction because this case does not arise under federal patent law.  Pursuant to 28 U.S.C. § 1631, we transfer this appeal to the U.S. Court of Appeals for the Ninth Circuit where appellate jurisdiction is proper.

## BACKGROUND

Mr. Sgromo and Mr. Scott lived together in California.  They signed a "Living Together Agreement" (LTA), in which they agreed to "binding arbitration in San Francisco" for "any dispute arising from [the LTA] agreement."  S. App'x 0021.[1]  Mr. Sgromo initiated an arbitration action in April 2018 pursuant to this agreement, asserting that he owned two patents.  App'x 35.[2]  Three months later, as part of a separate and previously commenced interpleader action, the district court determined that Mr. Sgromo did not own the patents.  *Bestway (USA), Inc. v. Sgromo*, No. 17-cv-00205-HSG, 2018 WL 3219403, at *4 (N.D. Cal. July 2, 2018), *aff'd sub nom. Bestway (USA), Inc. v. Scott*, 788 F. App'x 426 (9th Cir. 2019).  The arbitrator subsequently entered a final arbitration award in favor of

---

[1]    "S. App'x" refers to the supplemental appendix filed by Mr. Scott.

[2]    "App'x" refers to the sequentially paginated appendices filed by Mr. Sgromo.

Mr. Scott in February 2019. App'x 56–64. Mr. Scott filed a petition to confirm the arbitration award in May 2019 pursuant to California Code of Civil Procedure ("CAA") and the Federal Arbitration Act ("FAA"). App'x 36–37. After removing the case to federal court under diversity jurisdiction, Mr. Sgromo cross-petitioned to vacate the award in January 2020. App'x 37–39; S. App'x 0052–59.

The district court applied the FAA, granted Mr. Scott's petition to confirm the arbitration award, and denied Mr. Sgromo's cross-petition to vacate as untimely and, in the alternative, as lacking merit. App'x 39–44; *see* 9 U.S.C. § 9 (mandating confirmation of an arbitration award absent vacatur, modification, or correction of the award); 9 U.S.C. § 12 (providing a three-month filing deadline for petitions to vacate an arbitration award).

Mr. Sgromo appealed to this court. He argues that, under the terms of the LTA, the district court should have applied the CAA instead of the FAA to determine the timeliness of his cross-petition. In the alternative, he asserts that the arbitration award should be vacated on the merits under the FAA. Because we lack subject matter jurisdiction, we transfer this appeal to the Ninth Circuit under 28 U.S.C. § 1631.

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). This court's jurisdiction is defined by Congress in 28 U.S.C. § 1295. As relevant to this case, this court has exclusive jurisdiction over appeals from a district court decision for "any civil action arising under . . . any Act of Congress relating to patents." 28 U.S.C. § 1295(a)(1).

An action arises under patent law when it presents an issue of federal patent law that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-

state balance approved by Congress." *Gunn*, 568 U.S. at 258.

This action does not arise under federal patent law. No issue of patent law is "necessarily raised." *Id.* at 259. Indeed, the district court's only basis for subject matter jurisdiction was diversity under 28 U.S.C. § 1332(a). *See* App'x 37–39. And "[o]ur jurisdiction to decide appeals from district courts is non-existent when the jurisdiction of the district was not based at all on either [federal patent law] or [actions where the United States is a defendant]." *Beghin-Say Int'l, Inc. v. Ole-Bendt Rasmussen*, 733 F.2d 1568, 1572 (Fed. Cir. 1984) (citing 28 U.S.C. §§ 1338(a), 1346). The district court correctly explained that the case "emphatically [was] not an opportunity for the parties to relitigate the interpleader action" nor "an opportunity for Mr. Sgromo to argue that he owns the [patents at issue]."[3] App'x 40.

Further, whether Mr. Sgromo timely filed his cross-petition presents no question of federal patent law, whether the CAA or FAA applies. Cal. Civ. Pro. Code § 1288.2 (West 2021) (CAA vacatur petition deadline); 9 U.S.C. § 12 (FAA vacatur petition deadline). The same is true of the vacatur standards. Although the standards for vacatur under the CAA and FAA differ slightly, they do not require analysis of patent law; they instead look to the conduct of the arbitrator. Cal. Civ. Pro. Code § 1286.2 (West 2021) (CAA vacatur standard); 9 U.S.C. § 10 (FAA vacatur standard).

Mr. Sgromo also seems to contest the outcome of the interpleader action, which determined that he did not own

---

[3] In any event, we are not convinced that Mr. Sgromo's ownership dispute is actual or substantial. *See Gunn*, 568 U.S. at 259–62.

the patents.[4]  But that is not a finding that Mr. Sgromo appealed in this case.  Indeed, Mr. Sgromo appealed that finding to the Ninth Circuit, which affirmed the district court's determination that Mr. Sgromo did not own the patents.  *Bestway (USA), Inc. v. Scott*, 788 F. App'x 426, 427 (9th Cir. 2019).  That final judgement is not subject to relitigation in this court.  *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326–27 (1979); *see also In re Sgromo*, 842 F. App'x 646, 647 (Fed. Cir. 2021) ("We do not have authority to overturn the Ninth Circuit.").  Because no issue of federal patent law is necessarily raised, we need not address the other *Gunn* elements.

Although this court lacks subject matter jurisdiction, we "shall, if it is in the interest of justice, transfer" an appeal to cure a lack of subject matter jurisdiction.  28 U.S.C. § 1631.  Since the district court properly exercised diversity jurisdiction over this action, the Ninth Circuit has appellate jurisdiction under 28 U.S.C. § 1291.  We accordingly order that this appeal be transferred to the Ninth Circuit.

### CONCLUSION

For the foregoing reasons, we transfer this appeal to the Ninth Circuit.  An order shall be issued concurrently.

**TRANSFERRED**

### COSTS

No costs.

---

[4]    Mr. Sgromo's cross-request for judicial notice (Dkt. No. 31) is granted to the extent that the U.S. Patent and Trademark Office documents submitted by Mr. Sgromo are accepted for filing.  However, we are unconvinced that these documents have any bearing on this appeal.